UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIAM McNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-CV-2-HAB |
| | ) | |
| FAURECIA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

In January, Plaintiff filed his complaint and a request to proceed *in forma pauperis*. (ECF Nos. 1, 2). The IFP motion was denied for failing to include income information, and the complaint was dismissed for failing to state a claim. (ECF No. 3). Plaintiff was given until early February to submit an amended complaint and IFP motion. (*Id*. at 2).

February and March both expired without amended filings so, in early April, Plaintiff's case was dismissed. (ECF No. 4). Now, three months later, Plaintiff has written the Court asking for leave to submit the amended filings. (ECF No. 7). Plaintiff states that he missed the deadline to submit the amended filings because he was incarcerated from "February until May 19, 2024." (*Id*. at 1).

Plaintiff does not identify a legal basis for his motion, so the Court will construe it as one under Fed. R. Civ. P. 60(b). That Rule provides relief from a final judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief. *Id*. at (1)-(6). "[R]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

The Court assumes that Plaintiff is proceeding under (b)(1) of the Rule, which provides for relief in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). The "[m]ost important" factor to be considered is "the reason for the delay"; if the moving party fails to demonstrate "genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline," he cannot establish excusable neglect, no matter how short the delay was or how little it prejudiced the opposing party. *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014).

The Court does not find Plaintiff's incarceration to meet the definition of "exceptional circumstances" to set aside the judgment. Although Plaintiff's letter tries to muddle the timeline, the Court's own research shows that he *was not* incarcerated when his deadline to amend expired. The deadline for Plaintiff to submit his amended filings was February 5, 2024. (ECF No. 3 at 2). The docket of his state criminal case, *State v. McNair*, Kosciusko Superior Court Case No. 43D03-2211-F6-926, shows that he was not sentenced or incarcerated until February 13, 2024.[1] The factual premise for Plaintiff's letter is false, so his request is denied.

For these reasons, Plaintiff's request to submit amended filings (ECF No. 7) is DENIED.

SO ORDERED on July 24, 2024.

                                                   s/ *Holly A. Brady*
                                                   CHIEF JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT

---

[1] Orders entered by a state court "are public records and appropriate subjects of judicial notice." *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).